MICHAEL T. PURCELL, OSB 853094
Attorney at Law
P.O. BOX 14209
Portland, OR 97293
(503) 241-8203
mpurcell.law@gmail.com

Attorney for petitioner

JOHN DOE,

      Petitioner,

vs.

MERRICK GARLAND, Attorney General of the United States, and UNITED STATES DEPARTMENT OF JUSTICE,

      Respondents.

Case No.

COMPLAINT FOR A WRIT OF MANDAMUS AND FOR RELIEF UNDER THE ADMINISTRATIVE PROCEDURES ACT

In this complaint against respondents, petitioner alleges:

## JURISDICTION AND VENUE

1. For petitioner's mandamus action, jurisdiction rests in this court under the Mandamus Act, codified at 28 U.S.C. § 1361, which states: "The district courts shall have original jurisdiction . . . to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

/ /

COMPLAINT
Page 1 of 5

2. For petitioner's claim under the Administrative Procedure Act, 5 U.S.C. §§ 555(b) and 706(1), jurisdiction is granted to this court under under the federal question statute, 28 U.S.C. § 1331.

3. Venue properly exists in this court because petitioner is resident in this district.

## PETITIONER

4. Petitioner is a party to an administrative proceeding now pending before the respondents, which will be referred to as the "Administrative Proceeding" in this complaint.

5. This matter is filed as a John Doe complaint because the Administrative Proceeding is protected from public disclosure by applicable law and disclosure would present an unreasonable risk of irreparable harm to the petitioner.

6. Under the particular circumstances of this case, even information concerning the nature of the Administrative Proceeding could cause irreparable harm to petitioner. For this reason, in addition to being filed as a John Doe matter, this complaint will provide less detail as to the nature, course, and current status of the Administrative Proceeding.

7. Information sufficient to allow respondents to fully identify the petitioner and to answer this complaint will be communicated to them by certified mail simultaneously with service of process.

8. Following service of summons, petitioner intends to move to seal this case, and intends to confer with respondents to seek their joinder or non-opposition to such motion.

## RESPONDENTS

9. Respondent MERRICK GARLAND is the Attorney General of the United States. He is sued in this case in his official capacity only.

10. Respondent UNITED STATES DEPARTMENT OF JUSTICE ("DOJ") is an administrative agency of the United States. DOJ is under the supervisory authority of respondent GARLAND.

## FACTS COMMON TO ALL GROUNDS FOR RELIEF

11. Petitioner is the party to the Administrative Proceeding. Respondents serve in the role of adjudicators for the Administrative Proceeding.

12. Congress has charged respondents by statute with carrying out certain non-discretionary duties with regard to the Administrative Proceeding.

13. Respondents have failed to carry out those non-discretionary duties. This has caused an unreasonable delay by respondents in rendering a decision in the Administrative Proceeding.

14. The unreasonable delay in adjudication of the Administrative Proceeding has caused substantial prejudice to petitioner.

/ /

/ /

/ /

## FIRST CLAIM FOR RELIEF

## MANDAMUS (28 USC § 1631)

15.  Respondents are charged by applicable statute with adjudicating the Administrative Proceeding, and petitioner has a clear right to such an adjudication.

16.  The duty of respondents to render a decision in the Administrative Proceeding is non-discretionary.

17.  No other adequate remedy is available to the petitioner.

18.  Compelling equitable grounds require relief by way of mandamus.

## SECOND CLAIM FOR RELIEF

## ADMINISTRATIVE PROCEDURES ACT (5 U.S.C. § 706(1)).

19.   By delaying for an unreasonable time a decision in the Administrative Matter, respondents have failed to take discrete agency action that they are required to do under applicable law.

20.  Such delay constitutes "agency action unlawfully withheld or unreasonably delayed" under 5 U.S.C. § 706(1) for which petitioner is entitled to relief.

## PRAYER FOR RELIEF

WHEREFORE petitioner prays for relief as follows:

a.  That this court issue a writ of mandamus compelling respondents to adjudicate the Administrative Proceeding within a reasonable time, not to exceed ninety (90) days.

    b. That this court, under the Administrative Procedures Act, issue to respondents an order directing them to adjudicate the Administrative Proceeding within a reasonable time, not to exceed ninety (90) days.

    b. That the court award to petitioner reasonable attorney fees pursuant to the Equal Access to Justice Act, and,

    c. That this court award petitioner such other relief as may be just and proper under the circumstances.

    Respectfully submitted this 4th day of August 2023.

/s *Michael T. Purcell*

_____
Michael T. Purcell, OSB #853094
Attorney for Petitioner.